UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT EDMONDS, | ) |
| Plaintiff, | ) |
| v. | ) 18-cv-4001 |
| ARAMARK, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he has a tomato allergy and that a doctor has prescribed Plaintiff a "no tomato, no high acid" diet. Instead of providing Plaintiff a balanced diet that is free of tomatoes and high acid, Defendants allegedly substitute starch for protein and provide meals too low in calories.

Plaintiff states a plausible claim for the denial of food adequate to meet Plaintiff's nutritional and caloric needs that complies with the doctor's order. However, only Aramark and its employee, Steve Dredge (the dietary manager) are plausibly responsible on this claim on the present allegations. Aramark provides the food service, and

Steve Dredge supervises the provision of that food service. At this point the case will proceed only as to these two defendants.

**IT IS ORDERED:**

1. The 1/16/18 text order assessing the filing fee pursuant to 28 U.S.C. § 1915(b)(1) is vacated because Plaintiff is not considered a prisoner within the meaning of that section.

2. **The clerk is directed to assess the partial filing fee using the Rushville procedures.**

3. Plaintiff has filed what appears to be a supplemental petition to proceed in forma pauperis. (d/e 8.) Plaintiff seems to ask for a reduction in the $9.04 filing fee because Plaintiff sends some of the money received from his mother back to his mother due to his mother's dementia. **Plaintiff's request is denied as moot (d/e 8) since the Court has vacated that order**. Plaintiff may renew his request after the clerk assesses the filing fee pursuant to the Rushville procedures.

4. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a constitutional claim against Defendants Aramark and Dredge for failing to provide Plaintiff food adequate to meet Plaintiff's nutritional and caloric needs and in compliance with

the doctor's orders.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    5.   Defendants Vincent, Simpson, Kunkel, Scott, John and Jane Does, and "all other Aramark employees" are dismissed without prejudice for failure to state a claim.

    6.   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    7.   The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion

requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

8. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

10. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense

counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

11. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

14. **The clerk is directed to terminate Defendants Vincent, Simpson, Kunkel, Scott, John and Jane Does, and "all other Aramark employees."**

15. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

16. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: 01/25/2018

FOR THE COURT:

                                         **s/Sue E. Myerscough**
                                         SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE